IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD DEE YOUNG,

      Plaintiff,                     No. CIV S-09-1030 EFB P

   vs.

J. LEWIS, et. al.,

      Defendants.          ORDER

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

     Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Plaintiff must pay the $350 filing fee. See 28 U.S.C. § 1914(a). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

     The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant that could properly be adjudicated in this Division.

1

1 Plaintiff filed a complaint on April 16, 2009 and a "first amended" complaint on April 15, 2010. A review of the complaints shows that plaintiff intended that the "first amended" complaint supplement rather than supplant the original; his first amended complaint states "this is a continuation." Although the Local Rules provide that every pleading to which an amendment or supplement is permitted shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading, in the interests of judicial economy the court will consider the claims raised in both pleadings rather than ordering plaintiff to file a new document.[1] The Clerk is ordered to append Dckt. No. 12 to Dckt. No. 1 and file the resulting document as a new docket entry for clarity's sake.

In his complaints, plaintiff names as defendants J. Lewis, a visiting room officer at California State Prison, Sacramento; and various employees of Kern Valley State Prison, including wardens Anthony Hedgpeth and K. Harrington and correctional officers Farley, Lopez, Ruiz, Garcia, Jones, Durden, Wanagitis, Epperson, Kaufman, Jones, Jones, Plumee, Rodriguez, Reyna, Jones, and Figueroa. As discussed below, his claim against Lewis fails and the claims against the other defendants must be initiated in Fresno.

To the extent plaintiff's allegations relate to events occurring at Kern Valley State Prison, they must be dismissed or transferred as not properly brought in this court. Local Rule 120 provides that actions arising in Kern County must be brought in the United States District Court sitting in Fresno. Accordingly, the claims relating to events that allegedly occurred in Kern County–that is, all of plaintiff's claims except for his claims against defendant J. Lewis–are not properly brought in this court.

As to defendant Lewis, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the

---

[1] Plaintiff is admonished that the court's leniency in this regard in no way indicates that any future lack of compliance with the Local Rules will be excused.

2

party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  Plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  A supervisor may be held liable in his or her individual capacity "'for his own culpable action or inaction in the training, supervision or control of his subordinates.'" *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)).  To state a claim against any individual defendant, the plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *Taylor*, 880 F.2d at 1045.

Plaintiff alleges that defendant J. Lewis confiscated a diamond earring from him and "did not follow procedure or guidelines."  Dckt. No. 1 at 7.  He claims that Lewis lost, misplaced or "trash[ed]" the diamond earring.  *Id.*  Plaintiff fails to link defendant Lewis to any act or omission that would indicate a deprivation of plaintiff's federal rights, and thus fails to state a section 1983 claim against him.

Based on plaintiff's allegations, it appears that he intends to state a claim against defendant Lewis under the Due Process Clause.  The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502

3

F.2d 728, 730 (9th Cir. 1974).  The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).  California provides an adequate postdeprivation remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Plaintiff has not alleged that the confiscation of his property was authorized and therefore actionable under section 1983, nor has plaintiff alleged any facts suggesting that he was deprived of due process.  Plaintiff therefore fails to state a claim upon which relief may be granted as to defendant Lewis for violation of the Fourteenth Amendment.

All of plaintiff's claims that might properly be heard in this court must therefore be dismissed; his only remaining claims arise out of his incarceration in Kern County and therefore are properly venued in Fresno.  Under Local Rule 120, the court may transfer an action that has not been commenced in the proper court to another venue within the district.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk is ordered to append Dckt. No. 12 to Dckt. No. 1 and file the resulting document as a new docket entry for clarity's sake.

      4. Plaintiff's claims against defendant Lewis for violation of the Fourteenth Amendment are dismissed for failure to state a claim upon which relief may be granted.

      5. This action is transferred to the Fresno Division.

      6. The Clerk shall assign a new case number.

      7. All future filings shall bear the new case number and shall be filed at:

> United States District Court
> Eastern District of California
> 2500 Tulare Street
> Fresno, CA 93721

Dated: December 8, 2010.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE