# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEE YOUNG, | 1:10-cv-02278-GBC (PC) |
| Plaintiff, | ORDER GRANTING LEAVE TO AMEND SECOND, THIRD AND FOURTH AMENDED COMPLAINTS |
| v. | (Docs. 22, 26) |
| J. LEWIS, et al., | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF EXHAUSTION |
| Defendants. | (Docs. 1, 26) |

**I.  Factual and Procedural Background**

Ronald Dee Young ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 16, 2009, Plaintiff filed his original complaint. (Doc. 1). On April 4, 15, 2010, Plaintiff filed his first amended complaint. (Doc. 12). On December 8, 2010, the case was transferred to the Eastern District and Plaintiff filed a second amended complaint without first seeking leave to amend. (Docs. 17, 18). On January 3, 2011, Plaintiff submitted a third amended complaint without first seeking leave to amend. (Doc. 22). On May 3, 2011, Plaintiff submitted a fourth amended complaint without first seeking leave to amend. (Doc. 26).

On the second page of Plaintiff's original complaint, first amended complaint, second amended complaint and third amended complaint, Plaintiff asserts that he had exhausted all of his administrative remedies, yet explains that the "appeals process has been manipulated to circumvent" the appeals process through screening out, rejecting or cancelling appeals and that there is no

administrative remedy available. (Docs. 1 at 2; 12 at 2; 18 at 2; 22 at 2). Then for the fourth amended complaint, Plaintiff details the result at each administrative level and attaches a director's level appeal decision dated February 16, 2011.

**II.    Rule 15(a)**

Under Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff may amend his pleading once as a matter of course at any time before a responsive pleading is served. Additional amendments before a responsive pleading is served can only be done by motion seeking leave of the court to amend, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). As it appears that Plaintiff does not understand that he must first motion to seek permission from the Court before he files an amended complaint, the Court will construe Plaintiff's second, third and fourth amended complaints as requests for leave to amend and the Court will grant leave to amend and will file the already lodged amended complaints. (Docs. 18, 22, 26). Plaintiff is advised that, in the future, he must motion for leave to amend if he wishes additional amendments beyond the first amended complaint.

**III.   Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and

Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims *prior* to filing suit. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *Lira v. Herrera*, 427 F.3d 1164, 1170-74 (9th Cir. 2005)*; McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 549 U.S. 199, 211 (citing *Porter*, 534 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739 n.5). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170-74 (9th Cir. 2005).

The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). It is apparent from the director's level appeal attached to the complaint that Plaintiff did not exhaust administrative remedies until February 16, 2011. Therefore, Plaintiff failed to exhaust administrative remedies prior to initiating the action and thus this action must be dismissed without prejudice.[1] *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *Lira v. Herrera*, 427 F.3d 1164, 1170-74 (9th Cir. 2005)*; McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

---

[1] Although Plaintiff may be impatient regarding the length of time it may take for exhaustion of administrative remedies, Plaintiff is cautioned that if he should pursue different actions in the future, deliberate misrepresentation regarding the exhaustion of administrative remedies may result in a sanction pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure.

3

IV.     **Conclusion and Order**

Because it is apparent that Plaintiff failed to exhaust administrative remedies prior to filing this action, the Court HEREBY ORDERS this action DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:     May 10, 2011

UNITED STATES MAGISTRATE JUDGE